# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TUIOFU SOOGA,

    Plaintiff,

    v.

WARDEN RENEE BAKER, ASSISTANT WARDEN BYRNE, JESSICA TRAVIS, CORRECTIONAL OFFICER CHAVEZ,

    Defendants.

3:15-cv-00206-RCJ-WGC

**SCREENING ORDER ON AMENDED COMPLAINT**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed two applications to proceed *in forma pauperis*. (ECF No. 4. 7, 8). The Court now screens Plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I.   SCREENING STANDARD

Federal courts must conduct a preliminary screening on any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison

Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. Of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claim lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF AMENDED COMPLAINT

In the amended complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Ely State Prison ("Ely"). (ECF No. 8 at 1). Plaintiff sues Warden Renee Baker, Assistant Warden Byrne, Caseworker Jessica Travis, a John Doe Doctor, and the Mental Health Department at Ely.[1] (*Id.* at 2-3). Plaintiff alleges three counts and seeks monetary damages. (*Id.* at 4-6, 9).

Plaintiff alleges the following: Plaintiff has been charged $30,000 in restitution for a physical altercation that occurred on November 28, 2013. (*Id.* at 3). At that time, Plaintiff was shot twice with live shotgun rounds and suffered injuries and pain. (*Id.*). Plaintiff was sent back to prison on November 29, 2013 and never received effective treatment. (*Id.*). Plaintiff asserts a due process violation, deliberate indifference to his serious medical needs, and First Amendment retaliation.

### A)    Count I

In Count I, Plaintiff asserts he has been charged $30,000 in restitution without due

---

[1]The Medical Department of Ely is part of the Nevada Department of Corrections, a state agency, and is immune from actions brought under § 1983. *See Hunt v. Dental Dept.*, 865 F.2d 198, 200-201 (9th Cir. 1989). As such, the Court dismisses with prejudice all claims against the Medical Department of Ely, as amendment would be futile.

3

process of law. Plaintiff filed two grievances on the matter that were denied. (ECF No. 8 at 4). Defendant Baker denied one grievance on January 26, 2015, and Defendant Byrne denied the other on May 21, 2015. (*Id.*).

Plaintiff indicates he is being deprived of his property and alleges that Defendants Baker and Byrne denied the grievances he wrote which allege he was denied due process of law. (*Id.* at 4). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Plaintiff fails to state a colorable claim of a violation of due process. Plaintiff does not identify what process he was deprived, but instead alleges a legal conclusion: that he was deprived of due process. As such, Plaintiff's due process claim is dismissed without prejudice.

### B)     Count II

Plaintiff alleges deliberate indifference to his serious medical need in that medical staff have not provided adequate treatment for his back pain. Plaintiff asserts Defendant John Doe Doctor improperly evaluated his injury. (ECF No. 8 at 5). Additionally, Plaintiff asserts Defendant John Doe Doctor has not provided Plaintiff with proper mental health treatment even though Plaintiff has alerted mental health staff as to his mental health status. (*Id.*).

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal quotations omitted).

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities' [.] . . .
> The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel
> and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). In this case, Plaintiff alleges deliberate indifference to a serious medical need. Deliberate indifference is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." However, a difference of opinion between the physician and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1052, 1058 (9th Cir. 2004).

Plaintiff's complaint fails to satisfy the general pleading requirements outlined in *Twombly*: while the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff provides no description of what treatment the doctor provided or why and how that treatment is inadequate. Plaintiff's bald opinion that the treatment is inadequate amounts to an unsupported difference of opinion and is insufficient to state a colorable claim of deliberate indifference to a serious medical need.

Plaintiff's complaint is similarly deficient regarding his allegation of inadequate mental health treatment. Plaintiff's allegations amount to unsupported legal conclusions. As such, Plaintiff's claim of deliberate indifference to his serious medical need is dismissed without prejudice.

### C) Count III

Plaintiff alleges he suffered retaliation for exercising his First Amendment rights. Plaintiff alleges Defendant Travis "called him up" with a sex offender against his wishes. (ECF No. 8 at 6). Plaintiff refused to comply and as a result was sent to administrative segregation and lost property. (*Id.*). Additionally, Plaintiff alleges Defendant Travis interfered with his mental health treatment by telling medical staff Plaintiff is pretending to have a condition. (*Id.*).

5

There are five basic elements for a viable claim of First Amendment retaliation in the prison context: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Brodheim, v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citation omitted).

Plaintiff alleges he was sent to administrative segregation and lost property because he refused to be called up with a sex offender. Plaintiff has not identified protected speech he made under the First Amendment. Moreover, Plaintiff has not alleged he suffered adverse action as the result of his expression of protected speech, but rather for his refusal to comply. As such, Plaintiff fails to state a colorable claim of First Amendment retaliation. This claim is dismissed with prejudice, as amendment would be futile.

**IV.    NEW CLAIMS IN AMENDED COMPLAINT**

In the Court's initial screening order, it granted Plaintiff leave to file an amended complaint to cure the deficiencies of his original complaint. (*See* ECF No. 5 at 6:2-3). In Plaintiff's amended complaint, he alleged two brand new claims in Counts I and II. Plaintiff may not exploit the amendment process to litigate a new lawsuit by bringing claims unrelated to those pled in his original complaint. *See Bryant v. Romero*, No. 1:12-CV-020740DLB PC, 2013 WL 5923108, at *4 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (stating a plaintiff may not change the nature of a suit by adding new, unrelated claims in his amended complaint)). As such, while the Court dismisses Counts I and II without prejudice, Plaintiff is not granted leave to amend. If Plaintiff wishes to pursue Counts I and II, he must do so in a new complaint.

**III.   CONCLUSION**

For the foregoing reasons, IT IS ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 4, 7) is denied as moot.

IT IS FURTHER ORDERED that the amended complaint (ECF No. 8) is dismissed.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal

from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

Dated: This 4th day of December, 2015.

_____
United States District Judge